UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADESA, INC.,
    Plaintiff,

v.

EDWIN BERKOWITZ, et al.,
    Defendants.

Case No. 14-cv-04022-VC

**ORDER OF DISMISSAL WITH PREJUDICE**

Re: Dkt. Nos. 29, 30

ADESA, Inc. is embroiled in a dispute with its two former employees, Edwin Berkowitz and Blake Kennedy. In this lawsuit, ADESA accuses Berkowitz and Kennedy of, among other things, refusing to return the company's confidential information when they quit their jobs and misusing that information in their new jobs.

The employment contracts between ADESA and the two former employees contain arbitration provisions that unquestionably apply to this dispute. Under the contract, the only possible role for a court would be to entertain an application for provisional relief under California Code of Civil Procedure Section 1218.8(b).

Under Section 1218.8(b), a court may grant provisional relief in a dispute that's subject to arbitration if such relief is necessary to prevent a future arbitration award from being "rendered ineffectual." *Id*. "The logical reason . . . that an applicant be required to show that an arbitration award may be rendered ineffectual [before obtaining relief under Section 1218.8(b)] is to ensure that the court does not invade the province of the arbitrator – i.e., the court should be empowered to grant provisional relief in an arbitrable controversy only where the arbitrator's award may not be adequate to make the aggrieved party whole." *Woolley* v. *Embassy Suites, Inc.*, 227 Cal. App. 3d 1520, 1527 (1991).

Berkowitz and Kennedy have moved to dismiss the first amended complaint on the ground that ADESA could easily have sought provisional relief in arbitration had it not delayed in initiating the arbitration.  That motion is granted.  ADESA's conduct up to this point belies any argument that it needs any form of relief from a court that it could not, in the exercise of even minimal diligence, have already obtained from an arbitrator.

This dispute first arose in July 2014 when Berkowitz and Kennedy resigned, went to work for ADESA's competitor, and allegedly took the company's confidential information with them.  ADESA filed suit in this Court on September 4, 2014.  The complaint did not seek provisional relief, nor was it accompanied by an application for a temporary restraining order ("TRO") or a motion for a preliminary injunction.  ADESA also did not initiate arbitration proceedings at the time it filed the complaint.

The defendants moved to dismiss the complaint, and on November 20, 2014, the Court granted the motion on the ground that the complaint sought the same relief that ADESA would be seeking in arbitration – relief that only the arbitrator, and not the court, would be authorized to grant.  The Court gave ADESA leave to amend its complaint to include a prayer for provisional relief to preserve the status quo pending arbitration, and the next day ADESA filed a complaint which complied with that instruction.  But ADESA still did not file a TRO application or a motion for preliminary injunction.

On November 18, 2014 – two days before the Court dismissed the original complaint – ADESA finally initiated arbitration proceedings with the American Arbitration Association.  But even when ADESA finally initiated arbitration proceedings, it did not do so correctly.  In contravention of the American Arbitration Association's rules, ADESA did not attach to its claims the arbitration provisions in its employment contracts with Berkowitz and Kennedy.  And after ADESA corrected this defect, the Arbitration Association informed ADESA that it had failed to pay the full arbitration filing fee.

Meanwhile, the defendants moved to dismiss the first amended complaint and noticed a hearing for January 15, 2015.  Two days before the hearing, ADESA filed a motion for a preliminary injunction.  This was the first time it had applied for provisional relief.

2

If there was truly a time-sensitive need to preserve the status quo until the matter could be teed up in front of an arbitrator, one would have expected ADESA to file a TRO application shortly after the dispute arose. At a minimum, one would have expected ADESA to seek a TRO or preliminary injunction when it filed its federal lawsuit on September 4, 2014. One would also have expected ADESA to have initiated arbitration proceedings promptly. Instead, ADESA waited until November 18, 2014 to initiate arbitration proceedings, and even then it failed to do so properly. And it waited until January 13, 2015 to seek provisional relief from this Court – six months after the defendants allegedly misappropriated (and began misusing) the company's confidential information.

It would be one thing if ADESA had – promptly after the dispute arose – sought provisional relief in this Court and argued that such relief was needed to prevent Berkowitz and Kennedy from misusing confidential information before the matter could be presented to an arbitrator. It is quite another thing to: (i) delay in the initiation of arbitration proceedings; (ii) file a complaint in federal court but not seek provisional relief; and then (iii) file a motion six months after the dispute arose, contending that provisional relief is needed to preserve the status quo pending arbitration. If ADESA had exercised even the most minimal diligence in initiating arbitration proceedings, its January 13 motion for a preliminary injunction could easily have been before the arbitrator by now. By definition, therefore, there is no need for a court to consider an application for provisional relief to preserve the status quo pending arbitration. To the contrary, if the Court were to entertain a request for provisional relief at this stage, the Court would become complicit in ADESA's delay and its apparent effort to have the Court "invade the province of the arbitrator." *Woolley*, 227 Cal. App. 3d at 1527.

The first amended complaint is therefore dismissed. Dismissal is with prejudice, because there is no conceivable set of circumstances in which the Court would exercise its discretion to award provisional relief that an arbitrator, but for ADESA's conduct, would easily be in a position to award right now.

The Court declines to award Berkowitz and Kennedy contractual attorneys' fees – not because they don't deserve it, but because that too is within the province of the arbitrator.

**IT IS SO ORDERED**.

Dated: January 20, 2015

_____
VINCE CHHABRIA
United States District Judge